UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **HENRY FORD HEALTH SYSTEM et al.**, <br><br> Plaintiffs, <br><br> vs. <br><br> **ERIKA HERBERHOLZ**, et al. <br><br> Defendants. | 2:19-CV-10643-TGB <br><br><br> **ORDER GRANTING MOTION TO INTERVENE** |

Erna Herberholz, an employee of Henry Ford Health System, passed away on September 28, 2016. On March 5, 2019, Plaintiff Henry Ford Health System filed a Complaint for Interpleader and Declaratory Relief. ECF No. 3. The Complaint seeks a determination of the proper recipient of Ms. Herberholz's Retirement Savings Plan, Pension Plan, and 403(b) employee benefits. According to the Complaint, those benefits are distributed to the employee's spouse if the employee is married, and to the employee's estate if the employee is unmarried. It is not clear from the facts as alleged whether Ms. Herberholz's benefits should be paid to

1

her alleged common law spouse, James Allen Jansen, or to her estate. James Allen Jansen is also the trustee of Ms. Herberholz's estate.

Now pending before the Court are two Motions to Intervene in the proceedings from Ms. Herberholz's seven nieces and nephews, ECF No. 21, and parents, ECF No. 22. Each motion indicates that the movants are beneficiaries of Ms. Herberholz's estate and cite the conflict of interest presented by Mr. Jansen being allowed to represent their interests in this litigation. No party has filed any response objecting to these motions to intervene, such responses being due by June 11, 2019. The concern raised in the motions to intervene is that if Mr. Jansen were to be awarded Ms. Herberholz's employee benefits as her spouse, that would be a gain to himself but a loss to the estate and its beneficiaries, thus creating a conflict of interest for Mr. Jansen in serving as trustee of the estate.

Fed. R. Civ. P. 19(a)(1)(B)(i) requires joinder of a party to a lawsuit where joinder would not deprive the Court of jurisdiction if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may as a practical matter impair or impede the person's ability to protect the interest." This Court has federal question jurisdiction over this matter pursuant to the

Employee Retirement Income Security Act (ERISA). *Metropolitan Life Ins. Co. v. Marsh*, 119 F.3d 415, 418 (6th Cir. 1997). Joining other interested parties therefore would not deprive this Court of jurisdiction. In addition, putative intervenors have demonstrated that disposing of this matter in their absence would impede their ability to protect their interests as beneficiaries of Ms. Herberholz's estate.

Based on the foregoing, the Motions to Intervene, ECF Nos. 21 and 22, are **GRANTED.**

**SO ORDERED.**

DATED June 28, 2019.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge